UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA CASE

JAMES CRESON,

    Plaintiff,

vs.                                  CASE NO.: _____

TOPS SOFTWARE, LLC

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JAMES CRESON ("CRESON" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, TOPS SOFTWARE, LLC ("Defendant") and alleges the following:

1. Plaintiff brings these claims for age discrimination against Defendant for its unlawful termination of Plaintiff based upon his age in violation the ADEA, Section 29 U.S.C. Section 626 (b and c), and 29 U.S.C. Section 623(a)(1).

2. The Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law.

3. Plaintiff worked for Defendant from June 2012, until April 25, 2014, as a Software Developer.

4. Defendant is a Florida limited liability company.

5. Defendant primarily sells software and client management software to other companies around the United States.

6. Defendant is engaged in an industry affecting commerce. *See* 29 U.S.C. Section 630 (g and h).

7. Defendant employs more than 20 employees.

8. Defendant is an employer as defined by 29 U.S.C. § 630(b).

9. Plaintiff worked for Defendant in Pinellas County, Florida, and Defendant does substantial business in Pinellas County, Florida.

10. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(5).

11. During his employment, Plaintiff was an exemplary employee.

12. Plaintiff had no written reprimands during his employment with Defendant.

13. Plaintiff was 52 years old when he was fired.

14. Plaintiff was not fired for cause.

15. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

16. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

17. Upon information and belief, the person who replaced Plaintiff, and/or absorbed Plaintiff's duties is under 40 years of age.

18. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff.

19. Plaintiff had more seniority than the employee who took over his primary job duties.

20. Plaintiff filed a Charge of Discrimination with the EEOC on April 22, 2014, and within 180 days of his termination.

21. The Charge of Discrimination was received by the EEOC on May 2, 2014.

22. More than 90 days have passed since the filing of Plaintiff's EEOC Charge,

and the EEOC has not rendered a decision on its investigation of Plaintiff's claims.

23. The ADEA does not require that the plaintiff first receive a right to sue notice from the EEOC prior to commencing suit. *See* 29 U.S.C. § 626(d)

24. Plaintiff suffered an adverse employment action.

25. Plaintiff was replaced by a younger worker.

26. Plaintiff suffered an adverse employment action because of his age.

27. Defendant willfully violated the ADEA.

WHEREFORE, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, liquidated damages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, and attorneys' fees and costs.

Dated this 16th day of September 2014.

Respectfully submitted,

By: _____
Richard Celler, Esquire
Florida Bar No. 0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*